15-331
*Doe v. Capeci et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand sixteen.

PRESENT: RALPH K. WINTER,
     RICHARD C. WESLEY,
     CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

---

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

   -v.-             No. 15-331

JOHN DOE,
      *Defendant-Appellee,*

   -v.-

JERRY CAPECI, GANG LAND NEWS,
      *Appellants.*\*

---

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

FOR APPELLANTS:     RICHARD H. DOLAN, Schlam Stone & Dolan LLP, New York, NY.

FOR APPELLEE:       DANIEL HABIB, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellee John Doe.*

Appeal from the United States District Court for the Southern District of New York (Karas, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Intervenors-Appellants Jerry Capeci and Gang Land News (collectively, "Intervenors") appeal the order of the United States District Court for the Southern District of New York denying Intervenors' motion to unseal a pending criminal case against Defendant-Appellee John Doe, an FBI cooperative witness in several organized crime prosecutions. This Court has jurisdiction under the collateral order doctrine "because an order of closure 'is a final decision as to an intervenor.'" *United States v. Haller*, 837 F.2d 84, 86 (2d Cir. 1988) (citation omitted). This Court examines the District Court's factual findings for clear error, its legal determinations *de novo*, and its ultimate decision to deny an

unsealing motion for abuse of discretion. *See United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995). Given that the District Court's discretion is here cabined by constitutional interests, however, this Court's abuse of discretion review "is more rigorous" than it would be the typical case. *Id*. (citations and internal quotation mark omitted).

The District Court's January 23, 2015 denial of Intervenors' December 30, 2015 motion incorporates by reference the reasons "previously provided" in the court's comprehensive August 7, 2014 analysis denying an earlier motion to unseal. App'x 50. The District Court here carefully and comprehensively considered the record in light of this Court's four-factor framework under *United States v. Doe*, 63 F.3d 121 (2d Cir. 1995), and the District Court operated within its proper discretion in crafting and maintaining the sealing order.

We have considered all of Intervenors' remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the order of the District Court is **AFFIRMED**.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The District Court shall calendar this matter on a rotating 90-day basis in order to determine whether modification of its sealing order is appropriate under governing principles.